PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT KILLING, | ) | |
| | ) | CASE NO. 4:21CV0507 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CRAFT AUTOMOTIVE | ) | |
| REPAIR, LLC, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 15] |

Pending is Defendants Craft Automotive Repair, LLC ("Craft Automotive") and Frank

Wertenbach's ("Wertenbach") Motion to Vacate Default Judgment (ECF No. 15), filed on

October 20, 2022. The Court has been advised, having reviewed the record, the parties' briefs,

and the applicable law. For the reasons set forth below, the Court finds that Plaintiff has

submitted sufficient proof of proper service of the summons and complaint. Therefore, the

motion is denied.

**I. Background**

Plaintiff Brett Killing brought this action to recover damages under the Fair Labor

Standards Act, 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, Ohio Rev.

Code § 4111.01 *et seq.*, and Article II, § 34a of the Ohio Constitution against Craft Automotive

and Wertenbach. *See* Complaint (ECF No. 1). "Wertenbach was and/or is the owner, president,

and/or principal of Craft [Automotive]." ECF No. 1 at PageID #: 1, ¶ 3. Pursuant to Local Rule

4.2, the Clerk of Court sent the summons and complaint by certified mail to 4506 Belmont

(4:21CV0507)

Avenue, Youngstown, Ohio 44505 the address listed by the Ohio Secretary of State for Craft

Automotive and its statutory agent, Wertenbach. *See* Plaintiff's Brief in Opposition (ECF No.

16) at PageID #: 78, 87, 88; Ohio Secretary of State Agent Address Change Notification (ECF

No. 16-1).[1]  The United States Postal Service ("USPS") mail carrier indicated that both service

copies of the summons and complaint were delivered to the address and "[l]eft with [an]

[i]ndividual."  ECF No. 16 at PageID #: 78; Declaration of Christopher Wido and attached USPS

GPS Data (ECF No. 16-2) (showing that the mail piece was delivered to Craft Automotive at the

address listed on it).

    Throughout the COVID-19 pandemic, USPS had a policy that mail carriers were not

permitted to have direct contact with customers.  When mail carriers arrived at an address, USPS

instructed them to ensure someone was there to receive the letter or package, to ask for the first

initial and last name of the person they were leaving the letter or package with, to fill out the

return receipt with an explanation for the absence of the addressee's signature (*e.g.*,

"COVID-19") and to drop off the letter or package.  COVID-19 Continuity of Operations

Update, Customer Signature Service COVID-19 Response and Prevention, USPS (March 20,

2020),

---

[1] Craft Automotive is no longer incorporated under Ohio law.  Its dissolution is a
matter of public record, as evidenced by the copy of the Certificate of Dissolution filed
with the Ohio Secretary of State, effective May 25, 2022 almost five months before the
filing of the within motion.  *See* https://businesssearch.ohiosos.gov/ (last visited Aug. 21,
2023).  *See Walling v. James V. Reuter, Inc.*, 321 U.S. 671, 676 (1944) ("The dissolution
of respondent, so long as the certificate of dissolution is not annulled, precludes
enforcement of the judgment against it, but does not foreclose petitioner from asserting
his rights against such other persons as may be bound by the judgment.").

(4:21CV0507)

https://about.usps.com/newsroom/service-alerts/pdf/usps-continuity-of-operations-03-20-2020.pdf (last visited Aug. 21, 2023).  The Clerk filed a return of service by certified mail executed on Wertenbach on June 16, 2021.  *See* ECF No. 3.  The Clerk also filed a return of service by certified mail executed on Craft Automotive on June 17, 2021.  *See* ECF No. 4.  The signature boxes on the returns of service are both marked "COVID-19."  Finding at the time that Craft Automotive and Wertenbach were duly served by certified mail, the Court ordered counsel for Plaintiff to file with the Clerk an appropriate application for entry of default and motion, affidavit, and proposed order for default judgment or show cause why the case should not be dismissed for want of prosecution.  *See* Order (ECF No. 5).

Plaintiff filed a Request for Entry of Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(1) (ECF No. 6).  On August 12, 2021, the Clerk entered the default of Defendants pursuant to Fed. R. Civ. P. 55(a).  *See* ECF No. 7.  The Clerk of Court mailed a copy of the Entry of Default to Defendants at 4506 Belmont Avenue, Youngstown, Ohio, 44505 and was not returned by the USPS.

Plaintiff's Motion for Default Judgment (ECF No. 9) was filed in August 2021.  A copy of the motion was contemporaneously served by certified mail on Defendants at 4506 Belmont Avenue, Youngstown, Ohio, 44505.  *See* ECF No. 9 at PageID #: 43.  On August 31, 2021, the Court entered judgment in favor of Plaintiff and against Craft Automotive and Wertenbach in the amount of $16,428.84 with post-judgment interest at the federal statutory interest rate pursuant to 28 U.S.C. § 1961.  *See* Order (ECF No. 10) and Default Judgment (ECF No. 11-1).  Notably,

3

(4:21CV0507)

copies of ECF Nos. 10 and 11-1 were mailed by the Clerk of Court to Defendants at 4506 Belmont Avenue, Youngstown, Ohio, 44505 and were not returned by the USPS.[2]

On October 20, 2022   one year, two months, and eight days after the Clerk entered the default of Defendants and one year, one month, and 20 days after the Court entered a default judgment   Defendants filed the within Motion to Vacate Default Judgment (ECF No. 15). They argue that they were improperly served because "COVID-19" does not constitute a valid signature as required by the Ohio Rules of Civil Procedure. Plaintiff responds, arguing that "COVID-19" does constitute a valid signature and, if the Court finds that service has not been perfected, that the Court should extend the time to effect service. *See* ECF No. 16. Defendants contend for the first time in their Reply Memorandum (ECF No. 17) that they did not receive the summons and complaint at all. Rather, Wertenbach attests he "had no knowledge of this pending litigation until approximately 14 days prior to the filing of the Motion to Vacate," attesting that he learned about the judgment on or about October 6, 2022. Affidavit of Frank Wertenbach (ECF No. 17-1) at PageID #: 107, ¶ 3.[3]

---

[2] On July 12, 2023, the Clerk entered a Certificate of Judgment Lien Upon Lands and Tenements (ECF No. 13). Thereafter, Plaintiff filed the Certificate of Judgment in state court. *See Killing v. Craft Automotive Repair, LLC*, No. 2022 JD 01233 (Mahoning Cnty. Ct. Common Pleas July 18, 2022) (ECF No. 14).

[3] Wertenbach also attests that he "personally and as the agent for Craft Automotive Repair LLC, never received service on or around June 16th or 17th of [2022]." ECF No. 17-1 at PageID #: 107, ¶ 4. But, Wertenbach was served on June 16, 2021 and Craft Automotive was served the next day. *See* ECF Nos. 3 and 4; ECF No. 16 at PageID #: 78; ECF No. 16-2.

(4:21CV0507)

With leave of court, Plaintiff filed a Sur-reply (ECF No. 18) and attached a letter from Charles A.J. Strader, Wertenbach's former counsel (ECF No. 18-1), that discloses the fact that his former counsel had reviewed the docket sheet for the case at bar on or before July 6, 2022 and had prepared a motion to vacate. The within Motion to Vacate Default Judgment (ECF No. 15), however, was not filed until three months and 14 days after July 6, 2022.

## II. Standard of Review

"Fed. R. Civ. P. 55(c) leaves the decision to set aside the entry of default to the discretion of the trial judge." *Barrett v. W. Express, Inc.*, No. 1:20-CV-2291, 2020 WL 7624828, at *2 (N.D. Ohio Dec. 22, 2020) (citing *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986)). The Court of Appeals for the Sixth Circuit has established three factors relevant to the determination of whether "good cause" exists to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c): "(1) [w]hether culpable conduct of the defendant led to the default, (2)[w]hether the defendant has a meritorious defense, and (3)[w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (citing *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)); accord *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). While courts consider these same three factors in evaluating whether to set aside a default judgment under Fed. R. Civ. P. 60(b), "[i]n practice a somewhat more lenient standard is applied to Rule 55(c) motions." *Shepard Claims Serv., Inc.*, 796 F.2d at 193; *Waifersong*, 976 F.2d at 292 ("[T]he methodology for considering these factors and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment."). Thus,

5

(4:21CV0507)

although "[a]ll three factors must be considered in ruling on a motion to set aside entry of default," when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard*, 796 F.2d at 194.

To prevail on a motion to set aside a default judgment, however, a party must satisfy the stricter Rule 60(b) standard for relief from a final judgment or order. *Id.* (citing *Jackson v. Beech*, 636 F.2d 831, 835 (D.C.Cir.1980)).  It is the moving party's burden to show that "the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993).

Setting aside a default judgment involves the same analytical framework as setting aside an entry of default. *United Coin Meter*, 705 F.2d at 845 ("We agree with the Third Circuit that the three factors which control the decision of a Rule 55(c) motion to set aside entry of default also apply to a Rule 60(b) motion to set aside entry of a judgment by default").  In weighing whether to set aside a default judgment, the court should consider the three factors set forth above. *Id.*  When seeking relief from a default judgment under Rule 60(b)(1) based on "mistake, inadvertence, surprise, or excusable neglect," the movant must prove the first *United Coin Meter* factor, that movant is not culpable for its own default, before seeking to prove the other two factors. *United States v. Barrow*, No. 17-1628, 2018 WL 2670617, at *1 (6th Cir. Feb. 8, 2018) (citing *Waifersong*, 976 F.2d at 292).  Because "[t]rials on the merits are favored in federal courts," "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that

6

(4:21CV0507)

cases may be decided on their merits." *United Coin Meter*, 705 F.2d at 846 (internal quotation

marks omitted).

(4:21CV0507)

### III. Analysis

**A. Culpability**

Defendants have failed to prove that they were not culpable for their default, and did not file the within Motion to Vacate Default Judgment (ECF No. 15) within a reasonable time.

The Sixth Circuit has defined culpability as "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Hernandez v. Telelink, LLC*, No. 4:18CV2203, 2019 WL 5086128, at *3 (N.D. Ohio Oct. 10, 2019) (citing *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011)) (internal quotation marks omitted). To prove that it was not culpable for its default, a defendant may show that its default was due to "mistake, inadvertence, surprise, or excusable neglect" under Fed. R. Civ. P. 60(b)(1) or that the judgment was void under Rule 60(b)(4). *Willie McCormick & Assocs., Inc. v. Lakeshore Eng'g Servs., Inc.*, No. 12-15460, 2022 WL 4104013, at *4 (E.D. Mich. Sept. 8, 2022) (denying defendant's motion to vacate and set aside the default judgment), *reconsideration denied*, No. 12-15460, 2023 WL 3129454 (E.D. Mich. April 27, 2023). "A judgment is void if the court lacks jurisdiction over the defendant." *Id.* (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995)). "[A] court lacks jurisdiction over the defendant if service was not effectuated." *Id.* (citing *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)).

Here, in arguing that service was improper or that it did not occur at all, Defendants ultimately seek to prove that the entry of default and default judgment were void under Rule 60(b)(4).

(4:21CV0507)

### 1. Reasonable Time

Fed. R. Civ. P. 60(c)(1) provides that for motions brought pursuant to Rule 60(b)(4), the motion must be filed within a "reasonable time."  "Reasonable time" depends on (1) the facts of a case (including the circumstances and length of delay); (2) prejudice to the opposing party due to the delay; and (3) the reasons compelling equitable relief. *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 942-943 (6th Cir. 2013).  In arguing that it filed its motion within a reasonable time, a movant must set forth a reasonable basis for delay. *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) (citing *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003)); *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006) (denying relief from default judgment in part because the movant "[did] not attempt to identify any good reason for not filing his 60(b)(4) motion" earlier).  Courts in the Sixth Circuit have held that anywhere from three days to three years and two months may be a reasonable time in which to file a motion to vacate a judgment, if the movant is actively engaged in the judicial process or has extenuating circumstances justifying its delay. *Mortland v. Boardman Hospitality, LLC*, No. 4:19CV1537, 2019 WL 4451367, at *2 (N.D. Ohio Sept. 16, 2019) (Pearson, J.) (holding that filing a motion three days after entry of default is reasonable when a party takes immediate action to secure an attorney after learning of the default entry) (citing *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (finding good cause to set aside the default entry because defendant had acted in reasonable time when it filed a motion within eight days of default entry)); *In re Alma Energy, LLC*, 521 B.R. 1, 15 (Bankr. E.D. Ky. 2014) (holding that "a delay of three years and two months [after a consent judgment], only two years and eight months of which are chargeable to the

9

(4:21CV0507)

movants" is reasonable when much of the delay is excusable on account of pending related

proceedings); *Senu-oke v. Van Pemberton*, No. C-2-02-00251, 2006 WL 3483958, at *5 (S.D.

Ohio Nov. 30, 2006) (finding that approximately three years is a reasonable amount of time after

a default judgment is entered to file a motion to vacate when plaintiff sent the summons and

complaint to an uninhabited address such that defendants were not at all aware of the lawsuit,

especially because plaintiff was not forthcoming regarding the litigation).  Additionally, the Sixth

Circuit deemed a Rule 60(b)(6) motion in a habeas case to be timely filed approximately four

months after a state Supreme Court rule clarifying exhaustion of remedies requirement was

promulgated.  *In re Abdur'Rahman*, 392 F.3d 174, 185 (6th Cir.2004) (en banc), *vac'd on other

grounds sub nom. Bell v. Abdur'Rahman*, 545 U.S. 1151 (2005).

On the other hand, the Sixth Circuit has generally found that anywhere between three to

five years is an unreasonable amount of time to move a court to vacate a judgment on Rule

60(b)(4) grounds.  *United States v. Dailide*, 316 F.3d 611, 618 (6th Cir. 2003) (holding that a

Rule 60(b)(4) motion filed approximately four years after summary judgment was untimely);

*Ohio Cas. Ins. Co. v. Pulliam*, No. 96-6522, 1999 WL 455336, at *3-4 (6th Cir. June 23, 1999)

(holding that a Rule 60(b)(4) motion filed more than three years after judgment was

unreasonable); *Richard v. Allen*, No. 95-3451, 1996 WL 102419, at *1 (6th Cir. March 7, 1996)

(holding that a Rule 60(b)(4) motion filed almost four years after judgment was unreasonable);

*Suttles v. City of Chattanooga, Tenn.*, Nos. 89-5344, 89-5345, 1989 WL 115723, at *1 (6th Cir.

Oct. 5, 1989) (holding that a Rule 60(b)(6) motion filed over two and one-half years after entry of

judgment was unreasonable); *see also Williams-El v. Bouchard*, No. 05-CV-70616, 2016 WL

10

(4:21CV0507)

2619659, at *2 (E.D. Mich. May 9, 2016) (holding that petitioner's motion was untimely because it was brought some six years and seven months after the court rendered judgment in habeas case). The Sixth Circuit has also found that filing a motion to vacate over 11 months after the court entered a default judgment was unreasonable when the movant actually received the summons, even though service was technically improper under an Ohio statute and the local rule of the district court, but the defendant offered no explanation for his delay and could have appealed directly from the entry of default judgment and chose not to. *Days Inns*, 445 F.3d at 904-905. "By choosing not to respond, to either the complaint or the motion for default judgment, when he was aware of his right to respond, [movant] intentionally abandoned his right to respond." *Id.* at 905. Applying that reasoning, this Court has denied a motion to vacate filed six days after entry of judgment by default when the Clerk of Court mailed a copy of the entry of default to the movant and he "waited until after receiving the entry of default judgment, over a month later, before taking any action." *United States v. $39,565.00 in U.S. Currency*, No. 4:19CV0916, 2019 WL 5684470, at *2 (N.D. Ohio Oct. 31, 2019) (Pearson, J.).

It is undisputed that the mail carrier for the USPS delivered the summons and complaint and "[l]eft [both service copies] with [an] [i]ndividual" at the address listed by the Ohio Secretary of State for Craft Automotive and its statutory agent, Wertenbach. ECF No. 16 at PageID #: 78. Although Wertenbach attests that he had no notice of the lawsuit until October 6, 2022, ECF No. 17-1 at PageID #: 107, ¶ 3, a letter from his former counsel (ECF No. 18-1) discloses the fact that his counsel had reviewed the docket sheet for the case at bar on or before July 6, 2022 and had prepared a motion to vacate. Therefore, Defendants had notice of the

11

(4:21CV0507)

lawsuit at least 10 months and 6 days after the default judgment, but did not file the within

Motion to Vacate Default Judgment (ECF No. 15) until three months and 14 days after July 6,

2022. Defendants filed ECF No. 15 on October 20, 2022   one year, two months, and eight days

after the Clerk entered the default of Defendants and one year, one month, and 20 days after the

Court entered a default judgment. Defendants, however, offer no reason or extenuating

circumstance to justify that delay. In the interest of preserving the integrity of final judgment, the

Court cannot accept such a long and unjustifiable setback when Defendants have behaved

disingenuously and performed idly in regard to their notice of the lawsuit and of final judgment.

Accordingly, Defendants have not filed their motion to vacate default judgment within a

reasonable time as required by Rule 60(b)(4).

### 2. Void Judgment

In addition, Defendants have not shown that the default judgment was void under Rule

60(b)(4) to prove that they were not culpable for their default.

In a civil case, the plaintiff bears the burden of exercising due diligence in perfecting

service of process and showing that proper service has been made. *Habib v. General Motors

Corp.*, 15 F.3d 72, 74 (6th Cir. 1994). " 'A [rebuttable] presumption of proper service arises

when the record reflects that a party has followed the Civil Rules pertaining to service of

process.' " *Britton v. Britton*, No. 18CA10, 2019 WL 2354935, at *4, ¶ 14 (Ohio App. 4th Dist.

April 19, 2019) (quoting *Hendrickson v. Grider*, 70 N.E.3d 604, 614 ¶ 32 (Ohio Ct. App. 2016)).

In efforts to show that service is proper, "[a] signed return of service constitutes prima facie

evidence of valid service which can be overcome only by strong and convincing evidence."

(4:21CV0507)

*Perfect Score Co., Inc. v. Miller*, No. 1:09 CV1189, 2011 WL 4540742, at *3 (N.D. Ohio Sept. 29, 2011) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)).

Both the Sixth Circuit and the Supreme Court require a court to set aside a default judgment if service of process is improper. *Id.* (citing *Jalapeno Prop. Mgmt., L.L.C. v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001) (stating that "if the underlying judgment is void, it is a *per se* abuse of discretion for a court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)"); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). When seeking relief from default judgment under Rule 60(b)(4) for improper service, it is the movant's burden to demonstrate that service was improper. *McCormick*, 2022 WL 4104013, at *7. If a movant fails to show that service was improper, the court can assume that the movant was served and is therefore culpable for the default judgment. *Id.*

"To rebut the presumption of proper service, 'the [defendant] must produce evidentiary-quality information demonstrating that he or she did not receive service.' " *Britton*, 2019 WL 2354935, at *4, ¶ 15 (quoting *Hendrickson*, 70 N.E.3d at 615, ¶ 32) (brackets added). To determine whether a defendant has done so, "a trial court may assess the credibility and competency of the submitted evidence demonstrating non-service." *Boggs v. Denmead*, 115 N.E.3d 35, 42 ¶ 31 (Ohio Ct. App. 2018) (quoting *Bowling v. Grange Mut. Cas. Co.*, No. 05AP-51, 2005 WL 2981247, at *7, ¶ 33(Ohio App. 10th Dist. Nov. 8, 2005)). "A trial court is not required to give preclusive effect to a movant's sworn statement that she did not receive service of process when the record contains no other indication that service was ineffectual."

13

(4:21CV0507)

*TCC Mgt., Inc. v. Clapp*, No. 05AP-42, 2005 WL 2008677, at *3, ¶ 15 (Ohio App. 10th Dist. 2005).

The Court will therefore assess separately the validity of service for each Defendant.

### a. Craft Automotive

Pursuant to Fed. R. Civ. P. 4(h)(1), a corporation must be served in one of two ways:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and  if the agent is one authorized by statute and the statute so requires   by also mailing a copy of each to the defendant. . . .

The Ohio Secretary of State recognized Craft Automotive as a domestic corporation and Wertenbach as its statutory agent. *See* ECF No. 16-1.  Defendants aver that Plaintiff did not properly serve Craft Automotive because Plaintiff failed to do so in the manner prescribed for serving an individual under Fed. R. Civ. P. 4(e)(1) and 4(e)(2)(B).  Because Rule 4(h) is a disjunctive rule, it allowed Plaintiff to serve Craft Automotive in the manner for serving an individual under Rule 4(e)(1) or by delivering a copy of the summons and complaint to its statutory agent by certified mail.  Rule 4(h)(1)(B) does not mention anything about requiring a signature.

There is no dispute that the USPS tracking information indicates the mail carrier delivered the summons and complaint and "[l]eft [both service copies] with [an] [i]ndividual" at the address listed by the Ohio Secretary of State for Craft Automotive and its statutory agent, Wertenbach.  ECF No. 16 at PageID #: 78; ECF No. 16-2.  It is not as clear, however, whether service on Craft Automotive was proper under Local Rule 4.2.  Rule 4.2 provides, in relevant

14

(4:21CV0507)

part:  "The instructions to the delivering postal employee shall require the employee to *show to whom delivered*, date of delivery, and address where delivered" (emphasis added).  Craft Automotive cites no case law ― and the Court is aware of none ― that interprets the "show to whom delivered" language to require a signature by the addressee.  One court has held by implication that a "C-19" signature does not help determine whether the addressee actually received the summons and complaint.  *See Sall v. George*, No. 2:20-cv-214-cr-kjd, 2022 WL 686863, at *6 (D. Vt. Feb. 4, 2022) ("But it is unclear from the document filed to demonstrate such service (Doc. 78) who received the mailing, and there is no indication on the document filed or elsewhere in the record that George herself received it.").  However, because service was proper under Rule 4(h)(1)(B), it is Craft Automotive's burden to show through "evidentiary-quality information demonstrating that [it] did not receive service." *Hendrickson*, 70 N.E.3d at 615, ¶ 32.

### b.  Wertenbach

Fed. R. Civ. P. 4(e) states that individuals may be served by:

> (1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2)  doing any of the following:
> > (A)  delivering a copy of the summons and of the complaint to the individual personally;
> > (B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

15

(4:21CV0507)

Plaintiff did not deliver the summons and complaint personally and the facts do not show that

Wertenbach has an agent to which Plaintiff could have delivered them. Nor do the facts show

that Wertenbach resides at 4506 Belmont Avenue, Youngstown, Ohio 44505 the address listed

by the Ohio Secretary of State for Craft Automotive and its statutory agent, Wertenbach. *See*

*Akron-Canton Reg'l Airport Auth. v. Swinehart*, 406 N.E.2d 811, 813 (Ohio 1980) (holding

"[w]hile [Ohio] Civ. R. 4.1 does not specifically provide for [certified mail] service [on an

individual at a place of business] neither does it prohibit service at a business address").

Therefore, the Court analyzes Plaintiff's service on Wertenbach under Fed. R. Civ. P. 4(e)(1),

which directs the Court to Ohio state law.

> Ohio R. Civ. P. 4.1(A)(1) states
>
> (a)    Service by United States certified or express mail
>
>> Evidenced by a return receipt signed by *any person*, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to *whom delivered*, date of delivery, and address where delivered. (Emphasis added.)

The disputed issue in the case at bar is whether marking "COVID-19" in the signature box on the

return of service for Wertenbach (ECF No. 3) satisfies Ohio R. Civ. P. 4.1(A)(1)(a)'s

requirement for a signature by "any person."

Ohio case law provides that the "any person" language in Ohio Rule 4.1 does not restrict

delivery of service to the defendant or its agents "but is a flexible concept construed broadly."

*CUC Props. VI, LLC v. Smartlink Ventures, Inc.*, 178 N.E.3d 556, 560 ¶ 9 (Ohio Ct. App. 2021);

16

(4:21CV0507)

*see also Finnell v. Eppens*, No. 1:20-cv-337, 2021 WL 2280656, at *5 (S.D. Ohio June 4, 2021);

*Progressive Direct Ins. Co. v. Williams*, 186 N.E.3d 337, 341 ¶ 12 (Ohio Ct. App. 2022); *Indian*

*Creek Condo. Prop. Owners Ass'n v. Team Equity*, No. 28369, 2019 WL 6341040, at *6, ¶ 27

(Ohio App. 2d Dist. Nov. 27, 2019) (holding that individuals other than the defendant may accept

and sign for service); *New v. All Transp. Solution, Inc.*, 895 N.E.2d, 606, 608 ¶ 10 (Ohio Ct.

App. 2008) (holding that the addressee is not required to sign for the return receipt to make

service proper, and any individual can receive certified mail on behalf of the defendant); *Jardine*

*v. Jardine*, No. 27845, 2018 WL 3814622, at *2, ¶ 8 (Ohio App. 2d Dist. Aug. 10, 2018)

(holding that "[v]alid service of process is presumed when the envelope is received by any person

. . . [and] the recipient need not be the defendant or an agent of the defendant") (citations

omitted); *See, e.g.*, *United States v. Ayer*, 857 F.2d 881, 887 (1st Cir. 1988) (holding that service

is proper when a recipient signs for the summons whom is authorized to do so as the defendant's

agent, and there is no dispute that she received the mail).

Despite the broad scope of Ohio R. Civ. P. 4.1(A)(1)'s "any person" language, some

courts in Ohio have held that a postal carrier's notation of "COVID-19" or "C-19"does not

satisfy the rule's signature requirement.  *See Finnell*, 2021 WL 2280656, at *6 (holding that

although the Southern District of Ohio entered General Order 20-39 in December 2020

recognizing "COVID-19" as a sufficient signature to deem service proper, the court would not

apply the Order retroactively to lawsuits initiated before its issuance); *CUC Props.*, 178 N.E.3d

at 562 (vacating a default judgment when the defendant responded to the lawsuit the day the trial

court granted the judgment, holding that despite the difficulties of the COVID-19 pandemic,

(4:21CV0507)

"Covid 19" or "C19" does not constitute a valid signature in a county that did not waive in-person service during COVID and in a case in which "the record contains no indication that service was otherwise validly achieved"); *see also*, *Melinta Therapeutics, LLC. v. U.S. Food & Drug Admin.*, No. 22-2190 (RC), 2022 WL 6100188, at *6 (D.D.C. Oct. 7, 2022), *appeal dismissed sub nom.*, *Melinta Therapeutics, LLC v. U.S. Food & Drug Admin.*, No. 22-5288, 2022 WL 19723218 (D.C. Cir. Dec 1, 2022) (per curiam) (citing *Copeland v. Internal Revenue Serv.*, 2021 WL 3713071, at *6 (N.D. Tex. Aug. 4, 2021) (finding that service is improper if a return receipt contains "C19" instead of a recipient's name under a statute that requires the signature of the recipient to effectuate service)).

Other courts in Ohio, however, have held that a "C-19" designation in lieu of a signature on the receipt does not automatically deem service improper.  *See Lloyd v. Cannon*, No. 4:21CV1476, 2022 WL 5161424, at *4 (N.D. Ohio Oct. 5, 2022) (holding that certified mail returned with a "C-19" designation will not justify dismissing a case when a defendant answers and appears, as Fed. R. Civ. P. 4 "principally requires sufficient notice to the party of claims brought against it, and dismissal is not appropriate unless the party has been prejudiced"), *aff'd on other grounds*, *Lloyd v. Cannon*, No. 22-3878 (6th Cir. June 27, 2023) (order); *Progressive Direct*, 186 N.E.3d 342 ¶¶ 15-19 (holding that although "C19" is now a sufficient signature that is consistent with Ohio R. Civ. P. 4.1(A)(1) due to the Supreme Court of Ohio's waiver of in-person service during the COVID-19 pandemic, the court will not apply the waiver retroactively, rather it will hold an evidentiary hearing to determine whether the plaintiffs met their burden showing that proper service occurred).  Furthermore, at least one federal court has

18

(4:21CV0507)

found a certified mail return receipt with "ST 102 C19" written in the signature box was

sufficient proof of service because the plaintiffs provided evidence that the code was used by the

USPS instead of a signature because of a pandemic-related practice that the carriers were not

permitted to have direct contact with customers and submitted an explanation from the

Postmaster that the mail piece was delivered to the desired recipient at his listed address.  *See*

*Macias v. Grange*, No. 2:20-CV-00170, 2020 WL 4913215, at *2 (W.D. La. Aug. 20, 2020).[4]

　　　　Unlike the Southern District of Ohio, the Northern District of Ohio did not issue a

General Order waiving in-person service or validating "COVID-19" as an effective signature

during the pandemic.  It is inarguable, however, that the pandemic changed the course of billions

of lives around the world, and that of the United States judicial system.  The Northern District,

like the Southern District, proceeded with resilience to maintain justice during a time of vast

uncertainty, and the Court will not allow parties to take advantage of the means it took to do so.

　　　　Here, it is undisputed that a postal carrier delivered the summons and complaint to the

address at which Craft Automotive was located and where Wertenbach was its statutory agent

the very same address to which the Clerk of Court mailed both the Entry of Default (ECF No. 7)

and Default Judgment (ECF No. 11), neither of which were returned by the USPS.  Although

Defendants produced an Affidavit of Wertenbach stating that they had no knowledge of the

lawsuit until October 6, 2022, *see* ECF No. 17-1 at PageID #: 107, ¶ 3, the within Motion to

Vacate Default Judgment (ECF No. 15) was not filed until three months and 14 days after their

---

　　　[4] Plaintiff also attached a copy of plaintiff's memorandum in *Macias*.  *See* ECF
No. 16-3.

(4:21CV0507)

former counsel had reviewed the docket sheet for the case at bar on or before July 6, 2022 and had prepared a motion to vacate.  *See* ECF No. 18-1.  The Court finds the Affidavit of Wertenbach (ECF No. 17-1) is not sufficient to rebut the presumption of proper service.  *See Hendrickson*, 70 N.E.3d at 615, ¶ 32.

If there should be a do-over regarding the validity of a "COVID-19" signature, Defendants have not presented a case for it.  In light of the broad reach of the "any person" language in Ohio R. Civ. P. 4.1(A)(1)(a), Defendants have not proven that the judgment is void due to improper service.  In failing to prove that the judgment was void, and in failing to file the motion within a reasonable time, Defendants failed to show that they were not culpable for the default judgment.

## B.  Meritorious Defense

Although a movant cannot prevail on the other two *United Coin Meter* factors if they do not satisfy the first, it is important to note that Defendants also fail on the second *United Coin Meter* factor in that they do not present a meritorious defense to the underlying claims.  A meritorious defense must be "good at law."  *United Coin Meter*, 705 F.2d at 845.  In other words, a "[d]efendant has a meritorious defense if 'there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by default.' "  *Mortland*, 2019 WL 4451367, at *2 (quoting *Williams v. Meyers*, 346 F.3d 607, 614 (6th Cir. 2003) (emphasis in original).  For example, if a defendant denies violating a statute that the plaintiff accused it of violating, the defendant presents a meritorious defense in that, if the finder of fact concludes the defendant's denial to be true, the defendant will prevail during trial.  *Id.*

20

(4:21CV0507)

Here, Defendants not only fail to assert anything in their memoranda or affidavit to refute the facts of the underlying claims, but they fail to address the underlying claims entirely. *See* ECF Nos. 15, 17, and 17-1. They do not offer a meritorious defense in response to the underlying claims that, if the finder of fact found true, would enable them to prevail at trial.

### C. Prejudice to Plaintiff

The only *United Coin Meter* factor that Defendants satisfy is the third in that Plaintiff would not be prejudiced if the Court vacated the Default Judgment (ECF No. 11). To prevent a court from vacating a default judgment, a plaintiff must show it would consequently suffer prejudice that would be more than a delay in litigation or increase in expenses, as those circumstances will always result from setting aside a judgment. *Hernandez*, 2019 WL 5086128, at *2 (citing *Dassault Systemes*, 663 F.3d at 842). Instead, a plaintiff must show that future prejudice to him will "resul[t] in loss of evidence, increased opportunities for fraud [or misrepresentation], or discovery difficulties." *Commerce Bank, N.A. v. "Juiced-Up"*, No. 1:07-cv-589, 2007 WL 2669336, at *4 (W.D. Mich. Sept. 6, 2007) (citing *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006)) (brackets added).

Although it is possible that Plaintiff would suffer from loss of evidence, increased opportunities, or discovery difficulties if the court were to vacate the Default Judgment (ECF No. 11), especially considering Defendants' conduct thus far, Plaintiff has not claimed that it might suffer any of those consequences. *See* ECF Nos. 16 and 18. Plaintiff did, however, argue that the case would be forever time-barred if the Court decided to dismiss the case for failure to timely effect service of process pursuant to Fed. R. Civ. P. 4(m), *see* ECF No. 16 at PageID #:

(4:21CV0507)

84-85; but that argument has no relevance to whether Plaintiff will be prejudiced if the Court

vacates the Default Judgment (ECF No. 11) and decides the case on its merits.

### IV.  Conclusion

Defendants have failed to demonstrate that they were not culpable for the Default

Judgment (ECF No. 11) and failed to present a meritorious defense.  Accordingly, Defendants'

Motion to Vacate Default Judgment (ECF No. 15) is denied.


IT IS SO ORDERED.


   August 23, 2023              /s/ Benita Y. Pearson
Date                           Benita Y. Pearson
                               United States District Judge